KOMMER v. DALY.

(Supreme Court, Appellate Division, First Department. May 20, 1905.)

1. STATUTE OF FRAUDS—PART PERFORMANCE—SUFFICIENCY ON CONSIDERATION.
    An executed agreement by a tenant of premises to repair a sewer with which his premises were burdened for the benefit of an adjacent tenant, and which he would have been under obligation to repair if the same should be condemned by the board of health, was not a sufficient consideration to entitle him to a specific performance of a parol agreement by the adjacent tenant to grant the use of a part of his premises.

2. LICENSES—PAROL AGREEMENT—REVOCATION.
    The agreement by the adjacent tenant constituted a mere license, revocable at his pleasure, regardless of whether there was consideration therefor or not.

Appeal from Trial Term, New York County.

Action by Martha Kommer against Cornelius Daly. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Bernard M. L. Ernst, for appellant.
Edmund Coffin, for respondent.

PATTERSON, J. The plaintiff was seised as tenant for a term of years of premises in the borough of Manhattan, in the city of New York, known as Nos. 388, 390, and 392 Eleventh avenue. She alleges that the defendant was in possession and withheld from her the rear portion of the lot known as No. 392 Eleventh avenue, and that he had erected thereon certain wooden sheds. The plaintiff brought this action to recover possession of the premises and for damages for withholding the same. The defendant set up in his answer an affirmative defense, as follows: That on or about the 1st of May, 1896, he was a tenant in possession under a lease of the

premises known as No. 394 Eleventh avenue, and·at the same time John Kommer, the plaintiff's predecessor in title, was the tenant in possession under·a lease of the premises mentioned in the complaint, which adjoined the defendant's premises; that Kommer's premises had no sewer connection, except by a sewer running through and under the house occupied by the defendant; that that sewer was in a broken and dilapidated condition, and its removal or repair was required by the health department of the city of New York; that on or about the 1st of May, 1896, an agreement was made between Kommer and the defendant that the latter would repair and maintain the said sewer connection for the benefit of the premises so leased and occupied by Kommer for the remainder of Kommer's term, in consideration of which Kommer conceded to the defendant the right to occupy and use the rear portion of the lot No. 392 Eleventh avenue; that the agreement was made with the knowledge of the plaintiff; that thereafter, and in pursuance of the agreement, the defendant, at his own cost and expense, repaired and restored the sewer connection of 392 Eleventh avenue with the public sewer in Thirty-Fourth street, and has maintained it through his premises, and for the use of the premises described in the complaint; that John Kommer is now deceased, and the plaintiff's right is derived through him. The defendant further alleged that his possession or use of any part of the premises mentioned in the complaint has been under the agreement with John Kommer and with the consent of the plaintiff, and that she has continued to·use and enjoy the sewer connection so maintained by the defendant during all the time for which she may have had any right or estate in the premises occupied by her. On the trial the defendant gave proof respecting the alleged agreement, and the court directed a verdict for the defendant.

That the agreement sought to be proven by the defendant was void under the statute of frauds is conceded, but it is claimed that it will be recognized and enforced in equity, or as an equitable defense, because of performance by the defendant of what he was required to· do under it. Undoubtedly, there are cases in which parol contracts with reference to land have been upheld· in equity, where an adequate consideration has been shown, and where performance or part performance of the parol agreement clearly appears to have been solely with a view of carrying out the agreement, and where it would be a fraud upon one party unless the agreement were carried out by the other. In such cases, courts of equity act, not upon the agreement, but upon the fraud. In this case, the only consideration set up in the answer for the agreement on the part of Kommer to allow the use by the defendant of the rear portion of the premises No. 392 Eleventh avenue is an alleged concession of a right to Kommer to use the sewer running through the defendant's premises, and an undertaking of the defendant to repair his own sewer. But it is not made to appear that Kommer, by reason of this alleged agreement, acquired any new right. The defendant's premises had always been burdened, so far as appears, with an easement of drainage in favor of the premises described in the com-

plaint, and the defendant would have been under obligation to repair the sewer on his own premises if it were out of order and had been condemned by the board of health. The repairs were made to the sewer on the defendant's premises—the whole sewer connection under the cellar of No. 394 from its connection with No. 392. . It does not appear in the proof that the defendant ever claimed or contended that this easement in his premises for the plaintiff's benefit did not exist. It cannot be said that under the proof the repairing of the sewer by the defendant, which he would have been obliged to make in any event, is to be regarded as having been done simply because of the agreement made with Kommer. The proof is inadequate to establish such an agreement as would be enforced in equity. The right of the defendant to use and occupy the rear portion of the premises described in the complaint arose under a license which was revocable, and it is immaterial whether a consideration was given for it or not. Spink v. Corning, 61 App. Div. 84, 70 N. Y. Supp. 143; Wiseman v. Lucksinger, 84 N. Y. 31, 38 Am. Rep. 479; Cronkhite v. Cronkhite, 94 N. Y. 323; Crosdale v. Lanigan, 129 N. Y. 604, 29 N. E. 824, 26 Am. St. Rep. 551; Eckerson v. Crippen, 110 N. Y. 591, 18 N. E. 443, 1 L. R. A. 487. The defendant acquired no estate in the plaintiff's land. The relation between the parties being that of licensor and licensee, the plaintiff had a right to revoke that license.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.