SCROLL REALTY CORP., Plaintiff, *v.* BEN MANDELL, Defendant.

Supreme Court, Special Term, Kings County, July 18, 1949.

*Harry Zucker* for plaintiff.

*Nathan Marcus* for defendant.

Powers, J. In this action the plaintiff landlord seeks to compel the defendant tenant to disconnect and remove a television aerial from the roof of the premises in which the tenant resides and restore the roof to the condition it was in prior to the erection and installation of such aerial, and to restrain and enjoin the defendant, his agents, servants and employees from installing, attaching or erecting upon the roof of the premises, or any part thereof, any similar device, instrument or contraption.

The plaintiff is the owner of a thirty-nine-unit or apartment premises located at 376 East 94th Street, in the Borough of Brooklyn. The tenant is an occupant of apartment 5-A thereof pursuant to a lease dated February 19, 1945, for a term of one year and now occupies said premises as a statutory tenant. The television aerial complained of was erected by the tenant sometime in January, 1948, on the roof of the building of which apartment 5-A forms a part.

The pertinent provisions of the lease with respect to the tenancy, in part, are as follows:

" 1. * * * The Tenant shall not drill into, drive nails, install new locks or change apartment entrance lock or deface in any manner any part of the building. * * *

" 3. The Tenant shall not expose any sign, advertisement, illumination or projection in or out of the windows or exterior, or from the said building or upon it in any place, except such as shall be approved and permitted in writing by the Landlord. * * *

" 15. * * * No modification of any provision hereof * * * shall be valid unless in writing, and signed by the parties."

According to the testimony, the television aerial was erected, it being affixed to a vent pipe on top of the roof, and from it is run a lead line attached by screw eye hooks to the walls of the building to the television set in the defendant's apartment. The president of the plaintiff corporation testifies that the tenant requested permission to install the television aerial and that she denied such permission during January, 1948. The superintendent of the premises states that he was requested by the president of the plaintiff corporation to investigate to see if such an aerial was installed, and found that it was installed. It is the contention of the defendant that such a conversation was had by him with the president of the plaintiff corporation and that permission was given verbally to him to install such aerial. There is also testimony that the landlord, after the

installation, did demand the removal of such television aerial. If the testimony of the defendant is to be accepted that permission was granted, it was merely a license revocable at will, and upon receiving a demand for its removal, and upon the failure of the defendant so to remove it, the continued maintenance and use of the television aerial and its lead constitute a trespass. If no permission was granted the defendant would likewise be a trespasser.

The defendant argues that there is no damage. This argument is not correct as there is damage, even though slight, by the affixing of the screw eyes holding the lead line from the television aerial to the defendant's apartment. Defendant further argues that no harm can result from the maintenance and use of such television aerial. In this I do not agree. It is conceivable that some force may cause the television aerial to precipitate and fall into an apartment or street, thereby doing harm to property or persons. Under such circumstances who can now say that the plaintiff landlord might not be damaged as a result of such an occasion.

Equity is properly invoked to enjoin a continued trespass. The defendant has refused to remove the television aerial and threatens to continue its installation and use. Under such circumstances the plaintiff is entitled to equitable relief enjoining the defendant from the continued maintenance and use of such aerial television. Accordingly the relief prayed for is granted.

The foregoing constitutes my decision. Judgment on the merits for the plaintiff without costs. Submit judgment on notice.

It is unfortunate that the plaintiff landlord should assume the attitude that it does. While housing conditions today may be favorable to the landlord, such conditions will not prevail indefinitely. Were the situation reversed, undoubtedly the plaintiff landlord would be anxious and willing to provide such amenities as would insure comfortable and enjoyable use by the tenant of the rented premises. The landlord could be realistic and practical and provide a master aerial on the apartment house from which leader lines could be run to the various tenants that might have television sets and provide a fair and reasonable rental for such service. It is hoped that the landlord might so meet the situation in this case.