5411 REALTY CORP., Plaintiff, *v.* HENRY MORSE et al., Defendants.

Supreme Court, Special Term, Kings County, December 11, 1951.

*Isidore M. Rodin* for plaintiff.

*Harry W. Davis* for " John " Zorfas, defendant.

*Edward A. Segal* for " John " Wisselman, defendant.

*Henry Morse* and others, defendants in person.

HEARN, J.  Action for injunction.

Plaintiff is the owner of an apartment house.  Defendants are tenants therein and have been for periods of eight years or more.  All defendants have television aerials on the roof of the building.  Eight aerials were installed before March 1, 1950, and one was installed after that date.  Each defendant testified that the superintendent of the house (now deceased) gave oral permission for the installation of his aerial.  None claimed either written or oral permission from any officer of plaintiff corporation.  It is undisputed that plaintiff has never received any payment from defendants for the installation or use of their aerials. Plaintiff testified that prior to the commencement of this suit each defendant was notified to remove his aerial.  Some of the defendants deny receipt of this notice — others admit it.  In any event, all were served with the summons and complaint herein asking for a judgment directing removal of the aerials. Up to the present time none of the television aerials has been removed.

After trial, upon the merits and upon all the evidence, I find and decide that the superintendent of the building had no authority to grant permission for the installation of the aerials so that they were, in effect, erected without plaintiff's consent; that consequently the erection and maintenance of the aerials on the roof constitute a squatting (*Leona Bldg. Corp.* v. *Rice,* 196 Misc. 514; *Kaplan* v. *Sessler,* 197 Misc. 270; *165 Corp.* v. *Haynes,* 103 N. Y. S. 2d 305); that even if it be assumed *arguendo* that permission had been granted, it would constitute at most a license revocable at will by the landlord and the latter has, in fact, duly notified defendants of such revocation (*Scroll Realty Corp.* v. *Mandell,* 195 Misc. 972; see, also, *Schusterman* v. *C. & F Caterers,* 192 Misc. 564; *Wash-O-Matic Laundry Co.* v. *621 Lefferts Ave. Corp.,* 191 Misc. 884; *Crosdale* v. *Lanigan,* 129 N. Y. 604, and *Kommer* v. *Daly,* 104 App. Div. 528.)

The effect of section 23 of the Rent and Eviction Regulations of the Temporary State Housing Rent Commission remains for consideration. This section provides that " Every landlord shall provide with housing accommodations  *  *  *  the same essential services  *  *  *  as were provided on March 1, 1950 ". In construing it the State Rent Administrator has held that under circumstances similar to those in the case at bar, a landlord cannot compel a tenant to remove a television roof aerial installed prior to March 1, 1950, since the use of the roof for that purpose was an essential service within the meaning of

the afore-mentioned section (Opinions of State Rent Administrator, Opinion No. 75).

Unquestionably, at the time the State Residential Rent Law (L. 1946, ch. 274, as amd.) was enacted, a tenant's maintenance of a television roof aerial was either a squatting (if without the landlord's permission) or a revocable license (if with the landlord's consent). Hence, under pre-existing law the landlord could at any time compel the tenant to remove his aerial.

If the conclusion reached by the administrator in his opinion be given effect, it would be tantamount to depriving a landlord of his pre-existing right. It should be pointed out that the administrator's opinion, while entitled to due consideration, obviously is not binding or conclusive upon this court. With this in mind, let us examine the problem further.

The emergency rent law, referring to the powers of the rent commission, itself states in subdivision 8 of section 4, that " The powers granted in this section shall not be used or made to operate to compel changes in established rental practices." Yet that is precisely what the Rent Administrator's Opinion No. 75 does.

Moreover, this emergency statute was enacted as " necessary and designed to protect the public health, safety and general welfare " (L. 1946, ch. 274, § 1, as amd. by L. 1951, ch. 443). In pursuance of this design, section 23 of the State Rent and Eviction Regulations properly requires continuance of " *essential services.*" (Italics supplied.) Interpreting these words, the administrator has defined a tenant's use of the roof for maintenance of his television aerial as an " essential service ". It can not be fairly said that such interpretation is reasonable. Use of the roof for such purpose can hardly be considered vital to " health, safety and general welfare ". Yet the statute was designed only to protect those essentials in an emergency situation. If it were to be construed as authorizing the taking of a landlord's property rights for a mere convenience, its constitutionality would be at least questionable. Going farther, it seems to this court that such use of the roof is not a " service " at all since the landlord is doing nothing and furnishing nothing for the tenant.

For the foregoing reasons, then, the words " essential services ", as used in section 23 of the State Rent and Eviction Regulations, cannot reasonably be interpreted as encompassing a tenant's use of the roof to maintain a television aerial. Accordingly, the administrator's opinion so holding will not be fol-

964

lowed or sustained by this court even though the court well realizes the practical effect of this determination upon the right of tenants to maintain television aerials.

Judgment is granted in favor of plaintiff against all defendants, without costs. The foregoing constitutes my decision.

Submit judgment on notice.