THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH D. McGOLDRICK, as State Rent Administrator, Plaintiff, against REGENCY PARK, INC., Defendant.

Supreme Court, Special Term, Queens County, January 23, 1952.

*Robert H. Schaffer* and *John V. Browne* for plaintiff.

*Jack Weiss* and *Sylvan D. Freeman* for defendant.

CONROY, J.  The State Rent Administrator brought this action for an injunction to restrain a landlord from denying to a tenant the right to maintain a television antenna on the roof of defendant's apartment house.  The Administrator now moves for an injunction *pendente lite*.  The landlord moves to dismiss the complaint on the ground that it fails to state facts sufficient to constitute a cause of action, that there is another action pending between the parties for the same cause, that an existing final judgment of a court of competent jurisdiction has already determined the issues herein, and that the contract on which the action is founded is unenforcible under the Statute of Frauds.

The complaint alleges that on June 1, 1948, Bernard Blau signed a lease of one of defendant's apartments at a rental 15% above the previous maximum.  Such an increase was permitted by the applicable rent laws and regulations.  As an inducement to execute the lease, however, defendant orally agreed that Blau might install a television antenna on the roof of the building. Blau installed such an antenna in June, 1948, but in September, 1951, the defendant revoked its permission and ordered Blau to remove the antenna.  When he failed to do so, defendant commenced a summary proceeding in the Municipal Court and obtained a final order evicting Blau from that portion of the roof occupied by the television antenna.  The complaint further alleges that the landlord intends to enforce the eviction order and remove Blau's antenna and plaintiff seeks a permanent injunction restraining the defendant from denying to the tenant any of the essential services provided to him on March 1, 1950.

It does not appear that the tenant has brought any action to reform the lease so as to incorporate therein defendant's oral agreement with respect to the use of the roof.

Since Blau was not given exclusive dominion over the roof, it is clear that the landlord's permission to install a television antenna was at most a license and not a lease. Parol licenses are revocable at will. (*Crosdale* v. *Lanigan*, 129 N. Y. 604.) The sound reasons underlying this rule of real property are well stated in that case at page 610 as follows: " But the courts in this state have upheld with great steadiness the general rule that a parol license to do an act on the land of the licensor, while it justifies anything done by the licensee before revocation, is, nevertheless, revocable at the option of the licensor, and this, although the intention was to confer a continuing right and money had been expended by the licensee upon the faith of the license. This is plainly the rule of the statute. It is also, we believe, the rule required by public policy. It prevents the burdening of lands with restrictions founded upon oral agreements, easily misunderstood. It gives security and certainty to titles, which are most important to be preserved against defects and qualifications not founded upon solemn instruments.'' (See, also, 3 Tiffany on Real Property, pp. 408–414, and 2 Thompson on Real Property, pp. 393–395.) This does not mean, however, that Blau is remediless for as Thompson says at page 413 of the work cited: " Although the revocation of a license may constitute a breach of contract and give rise to an action in damages, it is effective to deprive the licensee of all justification for entering or remaining upon the premises.''

The emergency rent control laws (L. 1946, ch. 274, as amd.) were enacted to protect tenants having an estate in real property, however short the term. They were not enacted to protect persons having no estate whatsoever in the enjoyment of contract rights not amounting to an estate in real property. Since these laws are emergency legislation, they are not to be extended beyond the evil sought to be curbed.

Nor can the Rent Administrator extend the scope of the emergency legislation under the guise of safeguarding " essential services '' furnished to the tenant. If the service is truly essential, the landlord may be compelled to continue to furnish it. He may not, however, be required to continue a license for the maintenance of a television antenna. That cannot by any stretch of the imagination be classified as an *essential* service. It is not in a class with heat, water, elevator service, garbage disposal or the other services set forth in the definition of " essential services '' contained in subdivision 4 of section 3 of plaintiff's own regulations. (Rent and Eviction Regulations of Temporary State Housing Rent Commission, § 3, subd. 4.)

It follows that the complaint is insufficient and must be dismissed. Plaintiff's motion for a temporary injunction thus becomes academic.

Settle order on notice.