660 LOCUST STREET CORPORATION, Respondent, v. L. CORSAIR MACPHERSON, Appellant, and JOSEPH D. McGOLDRICK, as State Rent Administrator, Intervener, Appellant.—

The determination of the local administrator necessarily required a finding that the service was required on the freeze date. No protest was filed by the landlord and that determination precluded a final order because of the maintenance of the antenna. (Cf. *Suppus* v. *Bradley*, 278 App. Div. 337.) However, the landlord did not apply for any allowance by reason of the window units. It could, under the statutes, institute proceedings to evict for a breach of the covenants. Whether there was a breach was a matter for judicial determination. The tenant could defeat the landlord if he established that the service was furnished on the freeze date. The record reveals that there was a question of fact as to whether the landlord had withdrawn any consent to the use of the windows for the units. But, because of the failure to serve a proper notice, the landlord was allowed, improperly, to proceed with the summary proceedings and, therefore, that question of fact and any other was not subject to determination. Nolan, P. J., Johnston, Adel, MacCrate and Schmidt, JJ., concur. [See *post*, p. 1023; 280 App. Div. 790.]