660 Lócust Street Corporation, Respondent, v. L. Corsair MacPherson, Appellant, and Joseph D. McGoldrick, as State Rent Administrator, Intervener, Appellant.— Motion for leave to appeal to the Court of Appeals denied. Present — Carswell, Acting P. J., Johnston, Wenzel, MacCrate and Schmidt, JJ. [See 279 App. Div. 927, 1023.]

■

The People of the State of New York, Respondent, v. Aaron Feld, Appellant.— On the court's own motion, the decision handed down May 26, 1952 (279 App. Div. 1097), is amended to read as follows: Judgment of the County Court, Kings County, convicting appellant of the crime of perjury in the first degree and imposing sentence thereon affirmed. The evidence being more than adequate to establish guilt beyond a reasonable doubt, the matters complained of as trial errors are disregarded under section 542 of the Code of Criminal Procedure. Johnston, Adel and Wenzel, JJ., concur; Nolan, P. J., and Schmidt, J., dissent and vote to reverse the judgment and to grant a new trial on the ground that it was error to admit in evidence the recordings of the telephone conversation between the witness Karp and one Michaelson, and particularly that portion of such recordings as represent a conversation between Michaelson and Gross. (*People* v. *Jung Hing*, 212 N. Y. 393.) There was further error in the exclusion of testimony by Inspector Flath, as to what he had heard on a previous playing of the records, and in permitting the assistant district attorney who represented the People to state to the jury, with the court's approval, that if they acquitted the defendant they were placing the stamp of approval on defense counsel's accusation that the District Attorney tampered with evidence. This was tantamount to an instruction that the jury could convict, even though defendant's guilt had not been established, as an indication of their confidence in the District Attorney's integrity. In our opinion these errors may not be disregarded.