THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH D. McGOLDRICK, as State Rent Administrator, Appellant, against REGENCY PARK, INC., Respondent. — Action to enjoin a landlord from removing a television antenna erected and maintained by a tenant on the roof of an apartment building. Order denying plaintiff's motion for a temporary injunction and granting defendant's motion to dismiss complaint for insufficiency, and judgment accordingly entered, affirmed, with $10 costs and disbursements. The complaint is insufficient. There is failure to allege therein that the tenant was entitled as of March 1, 1950, to be in possession of the space used for the antenna. The claimed oral consent of the landlord which allegedly served to induce the tenant to execute the written lease cannot be considered in the light of the parol evidence rule and the express provisions of the operative written lease, which is controlling. (*Mitchill* v. *Lath,* 247 N. Y. 377, 382; *Ball* v. *Grady,* 267 N. Y. 470; *Fogelson* v. *Rackfay Constr. Co.,* 300 N. Y. 334.) The lease contains no provision letting or licensing space for such a use. On the contrary, it prohibits such use and contains provisions that it cannot be modified save in writing, and that in it are merged all agreements of the parties. Accordingly, the landlord had no obligation, as of the freeze date, to provide the space to the tenant. The State Residential Rent Law (L. 1946, ch. 274, § 1 *et seq.* as amd.) cannot be read to serve to continue a tenant in possession of space which was never let or licensed to him. Police power to cope with an emergency housing shortage cannot be invoked to afford a tenant space to which he is not entitled in order that he

might thereby obtain better television reception. Any statement in the decision in *660 Locust St. Corp.* v. *MacPherson* (279 App. Div. 927) which might be deemed to express a view contrary to the foregoing holding is a dictum which is not controlling. Carswell, Johnston, MacCrate and Schmidt, JJ., concur; Nolan, P. J., dissents and votes to grant plaintiff's motion for an injunction *pendente lite* and to deny defendant's motion to dismiss the complaint, with the following memorandum: The complaint sufficiently states a cause of action (L. 1946, ch. 274, § 10, now § 11, subd. 1, as amd.) and the affidavits in support of the motion to dismiss are insufficient to sustain the order appealed from, insofar as it dismisses the complaint, on any of the grounds urged under rule 107 of the Rules of Civil Practice. An injunction *pendente lite* should have been granted to preserve the *status quo* pending determination of the action. [201 Misc. 109.]