JOSEPH D. McGOLDRICK, as State Rent Administrator, Plaintiff, *v.* JEDTRAN REALTY CORP., Defendant.

Supreme Court, Special Term, Kings County, June 20, 1952.

*Robert H. Schaffer* and *Norman S. Fenton* for plaintiff.

*Samuel Weissman* for defendant.

DI GIOVANNA, J. This action is brought by the State Rent Administrator against the defendant landlord for a permanent injunction restraining it from interfering with tenant's use of a portion of the landlord's roof for the maintenance of a television antenna and requiring the defendant to restore to the tenant as an essential service the use of the roof. It was submitted to this court on an agreed and stipulated statement of facts which briefly are as follows:

In August, 1950, the tenant installed a television antenna on the roof of the subject premises. In October, 1950, the defendant and the tenant entered into an agreement that for a monthly charge of $1 the tenant would be permitted to install a television aerial on the roof. It was further agreed that the maximum rent for the tenant's apartment would be increased from $70 per month to $71 per month to reflect the increase for the television installation. Defendant submitted this agreement to the plaintiff requesting an adjustment in the maximum rent pursuant to the agreement. In reviewing the file the plaintiff discovered that the rental of $70 was improperly fixed by the Housing Expediter under the Federal Rent Control Act and re-established the maximum rent at $67 per month and granted the defendant an increase of $1 per month in the maximum rent for the increased services by reason of the installation of the antenna. Accordingly the maximum rent for the apartment by order of the plaintiff was established at $68 per month. No protest from this order was filed by the defendant nor any article 78 proceeding instituted to review the plaintiff's action. The tenant continued to maintain the antenna and paid the maximum rent of $68 until May, 1951, when the defendant refused to accept the rent of $68 and demanded that the tenant

pay $67 per month and remove the aerial, which the tenant refused to do. On or about May 15, 1951, the defendant removed the antenna without the tenant's consent or permission from the Temporary State Housing Rent Commission. The present action was then instituted.

It is the defendant's contention that the landlord's permission to install the antenna was a mere license revocable at will and that such maintenance is not an essential service. Section 23 of the State Rent and Eviction Regulations provides that services included in the maximum rent are those which were furnished on March 1, 1950, or " any subsequent date determining the maximum rent." The order of the rent commission issued on October 31, 1951, increased the maximum rent from $67 per month to $68 per month to reflect the $1 increase for increased services by reason of the installation of the antenna. This order determined the maximum rent pursuant to section 23 and governed the services to be provided in the maximum rent. The defendant under section 35 of the rent regulations was obligated to provide this service to the tenant until " an order permitting a decrease had been entered thereon by the Administrator." Having submitted to the rent commission for the fixation of the maximum rent to include the service of a television antenna, the defendant was bound by such order establishing the maximum rent until changed by the Administrator (*Friedman* v. *Carr*, N. Y. L. J., May 16, 1952, p. 1979, col. 1, App. Term, 2d Dept.). The use of the roof after the voluntary agreement between the defendant and tenant and the fixation of said service as part of the maximum rent by the Rent Administrator constituted a service provided by the landlord pursuant to the rent regulations (*supra*), (*660 Locust Street Corp.* v. *MacPherson*, 279 App. Div. 927; *Beachhaven Co.* v. *Michael*, N. Y. L. J., May 16, 1952, p. 1978, col. 6, App. Term, 2d Dept.), and the defendant could not curtail or deny this service without the express order of the administrator. The court is aware of the decision of the Appellate Division of this Department in *People ex rel. McGoldrick* v. *Regency Park* (280 App. Div. 804), where it was held: " The State Residential Rent Law (L. 1946, ch. 274, § 1 *et seq.* as amd.) cannot be read to serve to continue a tenant in possession of space which was never let or licensed to him. Police power to cope with an emergency housing shortage cannot be invoked to afford a tenant space to which he is not entitled in order that he might thereby obtain better television reception." However, as appears from the record in the instant matter, there is no question of an oral agreement

violating the terms of a written lease or an oral consent of the landlord permitting the erection of the television antenna; rather we have a written agreement on the defendant's part permitting the tenant to erect the television antenna with a proper submission to the Rent Administrator requesting a fixation of the maximum rent, including the additional service of the right on the tenant's part to maintain the television aerial.

Judgment is accordingly directed for the plaintiff, without costs, restraining the defendant from interfering with the tenant's maintenance of a television antenna and requiring the defendant to restore to the tenant the use of the roof for its maintenance.