George A. Brenner, J.
The several corporate defendants move to resettle an order of this court made and entered September 14, 1955. Plaintiff vigorously opposes.
Originally, these defendants moved to set aside their default upon the call of the trial calendar on the ground that proper services of the summons had not been made upon them. That motion produced sharp issues of fact, with the result that the court, being unable to determine on the papers, ordered a hearing and the taking of testimony. The hearing was held and concluded, and, on September 8,1955, the court filed its opinion, which, so far as is now pertinent, reads as follows:
*837 " Upon the evidence adduced at the hearing, the service of the summons on each of the moving defendants is held to be a good and sufficient service. In the interest of justice the defendants should be entitled to their day in court. The motion is, therefore, granted providing defendants serve their answer within 10 days after service upon them of a copy of the order entered hereon with notice of entry thereof together with a copy of the summons and complaint, otherwise denied. Submit order.”
Counsel for the plaintiff prepared and submitted an order which was signed on September 14, 1955, and which is now sought to be resettled. After reciting the papers, the order goes on:
“ blow, it is on motion of Cribari, Scapolito & Solinger, attorneys for the said defendants herein,
“ Ordered that the motion to set aside the default be and hereby is granted, provided defendants serve their answer within ten (10) days after service upon the attorneys for said defendants of a copy of the order entered hereon with a notice of entry thereof together with a copy of the summons and complaint, otherwise the motion is denied. Enter.” There follows the signature of Hon. George M. Fanelli, County Judge, who resigned within a few days after this order.
He was succeeded by the present County Judge who, on September 23, 1955, issued an order to show cause bringing on this motion to resettle Judge Fanelli’s order. The moving defendants object to the form of the September 14th order because:
1. It recites that it is made on the motion of Cribari, Scapolito & Solinger, attorneys for. the .defendants, rather than on motion of Edward B. Willing, who prepared and submitted it and procured its signing by Judge Fanelli ;
2. Such a recital puts them, in the event of an appeal, in the position of appealing from an order granted on their own motion, which, they say, is not the fact; and
3. The order contains no finding of fact as to the validity of the services contained in the directory, as distinct from the recital, parts of the order. This likewise, it is claimed, may prejudice their appeal.
Plaintiff, opposing, asserts that the order is full, accurate and correct, needing no resettlement, that defendants, did, as the order recites, make the motion, and that they could appeal ‘ ‘ from each and every part of said order ’ ’ without difficulty. Plaintiff strenuously objected to the proposed resettled order which recited that it was on motion of plaintiff’s attorney, who had not made, but only defended, a motion made by his opponent.
*838 The present County Judge initially entertained doubts of his power to resettle the order, in view of rules 70 and 71 of the Buies of Civil Practice, and on October 17, 1955, invited counsel to submit authorities on the point. This became necessary when counsel were unable, in conference with the court, to agree upon some solution, by stipulation or otherwise.
Thus, two questions exist now. Does the court, or the present Judge, have power to resettle the order of the predecessor Judge, whose official acts are entitled to the deference and respect which his distinguished career has merited? And, if so, does the order stand in need of resettlement?
I think both questions must be answered yes. But there can be no compulsion to say that unless, as a practical matter, resettlement is necessary.
The difficulty with the order of September 14,1955, lies really in its failure to express the real content of the opinion. Both opinion and order say that ‘ ‘ the motion is granted, provided ’ ’ the answer is served, “ otherwise denied.” That sounds as if defendants had been successful in their motion, as to some extent, in securing grace, they had been. Thus, the recital that it was on their motion seems to follow. But a closer reading of the opinion indicates that their motion was really denied, except for a matter of grace offered them by the court; it was really a conditional denial, not a conditional granting. It is a matter of viewpoint and draftsmanship, not a matter of substance. To say ‘ ‘ motion granted provided ” is to say ‘‘ motion denied unless. ”. The opinion can easily support such a construction or interpretation, without change of meaning. Such a change of language is formal only, and would allow, unquestionably, defendants to appeal, as from a denial of their motion to vacate.
It would be a similar formal change in the interest of clarity to place in the directory part of the resettled order a finding that the services were held by Judge Fanelli to be good and sufficient. And the other parts of the opinion, concerning the service of the answer, should remain in force and be directed also.
This problem of expressing the opinion in proper form by means of resettlement by me does not amount to my entering an original order upon the opinion or decision of another judge. (Bules Civ. Prac., rule 70.) It is also clear that this is not one of the acts which Judge Fauelli, though now out of office, would nevertheless have power to do. (Civ. Prac. Act, § 79.) Nor am I in any manner reviewing or setting aside the order, which is certainly beyond my power. Section 78 of the Civil Practice *839 Act, cited by defendants, relates only to special proceedings, and is inapplicable to this action.
Power to resettle this order is conferred upon me by section 105 of the Civil Practice Act which reads: “ At any stage of any action, special proceeding or appeal, a mistake, omission, irregularity or defect may be corrected or supplied, as the case may be, in the discretion of the court, with or without terms, or, if a substantial right of any party shall not be thereby prejudiced, such mistake, omission, irregularity or defect must be disregarded.” The order to show cause specifies the mistake, omission, defect or irregularity to be rectified, as required by rule 62, and I have, as I must, limited myself to the needs of the occasion.
No substantial right of the plaintiff has been or will be prejudiced by resettlement. Defendants gain nothing except a record in appealable form which is the right of any litigant.
In the interests of substantial justice, therefore, and in pursuance of the jurisdiction allowed by section 105 of the Civil Practice Act, I direct that the order of this court, dated September 14, 1955, in this action, be resettled in accordance with this opinion. Settle order on notice.