Abraham R. Margulies, J.
This is a holdover proceeding instituted by the landlord against the tenant based upon a substantial violation of an obligation of the tenancy by reason of the fact that tenant installed and maintained a washing machine in the demised premises.
Landlord is owner of a multiple dwelling containing 57 apartments controlled by emergency rent laws.
Tenant took possession April 15, 1946 by written lease and extended term by written lease dated July 10, 1947. Neither lease mentioned washing machine but on March 8,1951 landlord and tenant entered into a lease extending term to September 30,1953. Said lease provided that * ‘ The tenant shall not install or use a laundry machine, or dishwashing machine or other mechanical equipment * * # without the consent of the landlord in writing.” This lease was not renewed at expiration of the term.
*63 . Tenant had a washing machine in the demised premises from December, 1950 without written consent from landlord. In August, 1953 landlord learned of this, sent notice to desist and upon examination found same removed. In April, 1956 landlord again learned that tenant had a washing machine in the demised premises and gave tenant preliminary 10-day notice of violation of a substantial obligation of the tenancy, followed by 30-day notice to tenant. There is no question as to the compliance by the landlord of the necessary notices to the tenant.
It is well-established law that the terms of the expired lease are projected into the statutory tenancy. The first question is whether the use of the washing machine is in violation of the terms of the lease and the second is whether such use constitutes a substantial violation. The answer is in the affirmative to both questions.
There is a tendency on the part of the courts to be liberal with respect to the use of the premises so long as the landlord suffers no actual loss or damage; e.g., Matter of Park East Land Corp. v. Finklestein (299 N. Y. 70) where in spite of a covenant not to sublet or assign and of restricted use to members of tenant’s family, the Court of Appeals decided that due to housing shortage where these was no loss or damage to the landlord persons unrelated to the original tenant were entitled to possession of the apartment. Likewise where there was a wartime shortage of material the court permitted a tenant whose use was restricted to the manufacture of furniture to manufacture pocketbook frames. Again a Second Department case (Buchfuhrer v. Tantleff, 200 Misc. 1117 [1952]) decided that a violation of covenant of lease that tenant cannot install television antenna was not so substantial as to warrant eviction. However in this case the court pointed out that the landlord had other remedies, less drastic, but fully adequate to compel tenant to remove antenna. In 660 Locust St. Corp. v. MacPherson (279 App. Div. 927) there is considerable dicta as to violation of provisions of a lease with respect to drilling holes, placing nails in premises or permitting extensions beyond building since the court found the notice of eviction fatally defective and dismissed the petition.
Another similar situation is Taft Constr. Corp. v. Bachnoff (1 Misc 2d 834) affirmed by the Appellate Term, First Department (1 Misc 2d 835) where landlord’s petition was dismissed where landlord sought to compel tenant to remove an air conditioning unit in violation of a lease. The learned Appellate Term held that “ whatever rights or remedies the landlord may have, the tenant who is in possession of the apartment under *64 an agreement of lease was properly held not to be a squatter under the facts in this case.”
The question of washing machines in apartments of multiple dwellings has become increasingly serious during the past few years especially for the older buildings. Just as additional electrical appliances and air conditioning units have overburdened electrical lines so have washing machines interfered with the adequacy of hot water for ordinary use. In addition some washing machines make considerable noise and vibration to the discomfort of neighboring tenants. Not only does the landlord suffer a financial loss to property but he may suffer pecuniary loss because of discomfort to tenants. Landlord has a real interest in the convenience of all of his tenants. It is the same theory that compels landlords to restrict use of dogs. In this connection the learned William J. Morris, Jr., in Douglas Manor Apts. v. Mason affirmed by the Appellate Term, Second Department (N. Y. L. J., June 11, 1947, p. 2309, col. 4) decided that the harboring of a dog in the tenant’s apartment was a violation of a substantial obligation of the tenancy where the lease provided that “No animals of any kind shall be kept or harbored in the demised premises ”.
It is clear that the landlord was concerned with the problem of washing machines when it provided in the 1951 lease the clause in question. As a matter of fact the tenant stated that he read the lease carefully and discussed the clause with the landlord and in spite of same the clause was not deleted. The landlord is entitled to a final order.
Final order for the landlord. Execution of the warrant stayed to December 31,1956 on the following conditions: (1) that within five days after service of a copy of this order tenant remove washing machine from demised premises, and (2) that the occupant pay on the first day of each month $73.70 for use and occupation which sum is a reasonable rent as determined by the terms of the lease.