Frank S. McCullough, J.
The plaintiff by his motion seeks to vacate a judgment previously entered dismissing the action brought to recover damages for the negligent operation of a motor vehicle. The action was dismissed after issue had been joined, for failure to prosecute. The motion dismissing the action was granted by default. Plaintiff asserts that he was unaware that the motion had been instituted and granted, through the failure of his attorney to take suitable steps to oppose the motion. Upon notice that such action had been taken, plaintiff, by another attorney, moved promptly to vacate the order of dismissal.
With respect to the delay in the prosecution of this action, this court is of the opinion that a litigant is entitled to his day in Court unless he has deprived himself of such an opportunity by Ms own act, or unless there is law to the contrary.
In opposition to the motion, the following two points of legal substance have been raised:
1. That the order dismissing the action was made by a Judge who is no longer a member of this court, and tMs court is without power to vacate the order dismissing the action.
2. That more than a year has elapsed since the entry of a judgment dismissing the action against the defendant, Home *856 for the Aged, and severing the action as to the codefendants, and it is contended, therefore, that under section 108 of the Civil Practice Act, the court is without power to vacate such judgment.
The question of the power of a judge to resettle an order of a predecessor not now in office, has been before this court on at least two reported occasions. Judge Brenner, in Carilli v. Bianco & Pepe (1 Misc 2d 835) resettled an order made by his predecessor, Mr. Justice Fanelli, whose term of office was functus officio. Judge Brenner held in that case that he had the power to resettle the order under section 105 of the Civil Practice Act. No reported cases were cited.
Judge Hopkins held in a well-reasoned and documented decision in the case of Katz v. McCosh (N. Y. L. J., Feb. 26, 1958, p. 12, col. 5) that he was without authority to resettle an order of Judge Gabrity, whose term of office had expired.
In neither of the above two cases was the order entered on default. They are, therefore, distinguishable from the case at bar.
The question to be decided in the instant case is whether this court can vacate an order of Mr. Justice Coyle, who is now a member of the Supreme Court, and whose office as County Judge is functus oficio.
The language in the opinion in Palmedo v. Walton Reporter Co. (112 Misc. 729, 730, affd. 193 App. Div. 920) is considered particularly applicable to the case at bar:
“ An application may properly be made to one judge to open an order taken by default before another judge, for, as such orders are taken as a matter of course, if no one opposes, there is no judicial decision made within the rule that one judge should not review the orders of another. An order to show cause is, in effect, merely a short notice of motion, and is not to be regarded for any purpose as indicating any opinion of the court on the merits of the application. Defaults taken on motion at Special Term are opened, as a matter of course, on excuse being shown.
“ Learned, J., at Special Term, in Thompson v. Erie R. R. Co., 9 Abb. Pr. (N. S.) 237, says: ‘ I should regret very much if there should seem to be in this case the least conflict of judicial action. Nothing of the kind is involved in the hearing of this motion. The orders which the defendants now ask to open or set aside, were taken by default. By the rule of the Court as well as by familiar practice, the plaintiffs took the orders as a matter of course, no one opposing. There has therefore been no judicial decision in the matter, for a decision implies the hearing of both *857 parties. The defendants ’ failure to -appear was a tacit consent to the entering of the orders, and it was unnecessary for the court to pass on the merits of the motion. It is from the effects of that tacit consent that the defendants now wish to be relieved —not from any real decision against them. If I were asked to reverse a decision of this Court made at the Term of another Justice, a very different question would be raised.’ ”
The second point of law raised is not before this court, as the moving party seeks to vacate only the judgment of dismissal dated May 20,1959, obtained by the defendant Thomas Kearney. No relief is sought against a similar judgment obtained by the defendant Home for the Aged on May 16, 1958.
The party seeking to open a default must show that he has a meritorious cause of action in language which sets forth the facts and which does not merely recite that the plaintiff “ has a meritorious cause of action”. In the opinion of the court the plaintiff has failed to meet these requirements. (See Fritz v. Farber, 11 Misc 2d 485.)
The plaintiff’s motion to vacate the judgment dismissing the action is denied with leave to renew upon proper papers showing a meritorious cause of action.
Submit order on notice.