■ In the Matter of VICTORY HOLDING CORP., Appellant, v. ROBERT E. HERMAN, as State Rent Administrator, Respondent.— Order, entered on Novem-

ber 15, 1960, dismissing the petition under article 78 of the Civil Practice Act to review a determination of the Rent Administrator, unanimously reversed, on the law, the determination annulled, and the proceeding remanded to the Rent Administrator for a redetermination of the application for a rent increase, with $20 costs and disbursements to appellant. The decisions in *Taft Constr. Corp.* v. *Bachnoff* (1 Misc 2d 834, affd. 1 Misc 2d 835 [App. Term, 1st Dept.]) and *Dudic Holding Corp.* v. *Feinstein* (205 Misc. 42 [App. Term, 2d Dept.]) provide no rational justification for different administrative rules in the First and Second Departments relating to rent increases for tenant-installed air conditioners under the Emergency Housing Rent Control Law (L. 1946, ch. 274, as last amd. by L. 1959, ch. 695). Both cases involved squatter proceedings to determine whether the tenants, by installing air conditioners, unlawfully trespassed upon realty remaining in the landlord's possession. Neither decision purported to determine whether "the tenant has accepted and is obtaining the benefit of increased services, furniture, furnishings or equipment" within the meaning of section 33 (subd. 1, par. a) of the State Rent and Eviction Regulations. All they decided was whether the landlord had the right to withhold consent to installation, not whether it could charge an additional rental for consent. Consequently, the decisions do not compel or authorize the Rent Administrator discriminatorily to allow rent increases in the boroughs included in the Second Department for any installation extending beyond the building line and to deny such increases in Manhattan and the Bronx unless the installation extends more than six inches beyond the window sill. The Rent Administrator could not reasonably apply two different rules without being responsible for illegal discrimination (*Matter of Fitzgerald* v. *State Div., Dept. of Pub. Serv.*, 262 App. Div. 393; *Matter of Dresher* [*Lubin*], 286 App. Div. 591, 594; 1 N. Y. Jur., Administrative Law, § 142). Even the supposed conflict between judicial decisions would not justify such a practice, in the absence of some other valid basis for doing so. What the proper rule should be and whether it should be related either to extension beyond window lines or be related to the requirements for power lines, connections, etc., or both, is for the Administrator to determine. Concur — Breitel, J. P., Rabin, McNally, Eager and Steuer, JJ.