James A. Roe, Jr., J.
The plaintiff is a nonprofit co-operative housing corporation. The defendants are tenant shareholders occupying apartments pursuant to occupancy agreements. The action is to declare the rights of the parties in respect to air-conditioning units plugged in by defendants to ordinary electrical outlets in alleged violation of article 5 of such agreements which requires them to comply with the requirements of all governmental authorities and subdivision h of section B30-156.1 of the Administrative Code of the City of New York which requires air-conditioning units to be installed on an appliance branch circuit or on an individual appliance branch circuit. The action was discontinued as to' the defendant Begelman who ceased using his air-conditioning unit attached to an ordinary electrical outlet following the service of the summons and complaint herein upon him.
The answer of the defendant Bass alleges by way of affirmative defense that for a long period of time prior to the commencement of this action the plaintiff, its agents or employees, ‘1 consented to the use, installation and plugging in, of any and all air condi *251 tioning appliances in the apartment ’ ’ for a consideration demanded of and paid by said defendant; that consequently the plaintiff is estopped from maintaining this action for the removal of the said air-conditioning unit.
The plaintiff now moves for summary judgment against said defendant as prayed for in the complaint. This court is of the opinion that no issues of fact are presented requiring a trial of this action since the dispute presents only questions of law.
Article 5 of the occupancy agreement provides, in pertinent part, that members 1 ‘ shall comply with all of the requirements of * * * all * * * governmental authorities with respect to the said premises ”. Subdivision h of section B30-156.1 of the Administrative Code of the City of New York provides that air-conditioning units “ shall be installed on an appliance branch circuit or on an individual appliance branch circuit ’ ’ and with respect to air conditioners each “ shall be grounded in accordance with section B30-97.0j, paragraphs 1 or 2.” The latter section requires that the air-conditioning nnit be grounded ‘ ‘ By means of the metal enclosure of the conductors feeding such equipment, provided an approved multi-prong plug or equivalent is used, one prong for the purpose of grounding the metal enclosure and provided, further, that the metal enclosure is attached to the plug and to the equipment by types of connectors approved for the purpose.”
It is clear from the affidavits of Arthur Schumer, one of the tenant shareholders, who is a member of plaintiff’s board of directors and also a professional engineer and officer of one of the largest electrical contracting firms in the industry, that the defendant Bass has violated the foregoing provisions of the Administrative Code. He states that the only way in which the defendant could have an air conditioner in the small bedroom of his apartment is to remove the air-conditioning unit from his master bedroom and run the necessary electrical wiring from the air-conditioning outlet therein to the smaller bedroom. In this manner the defendant would discontinue the illegal use of the air conditioner in the small bedroom and have the use of just two air conditioners which are the maximum any tenant may have in the building in which no tenant is permitted more than two air-conditioning outlets in any apartment.
The defendant Bass urges, in support of his defense, that what the plaintiff is attempting is “to renege on an agreement made between us in July of 1961 wherein and whereby it permitted me to plug in a small air-conditioner in the smaller bedroom of my apartment, in consideration for which I was to pay and am still paying an additional sum of $3.00 per month ’ ’; *252 that “Ever since July, 1961, this air conditioner has continuously been in that bedroom and been used by me and I have been paying the landlord the additional $3.00 per month. In fact the landlord has been accepting this additional payment, without objection, even after the service of the summons and complaint in February, 1965. ’ ’
The reply affidavits of the plaintiff make it clear that it installed in each apartment in the building two electrical outlets in conformance with the Administrative Code of the City of New York with respect to air conditioners and adopted a rule or regulation permitting each of its occupant shareholders to install only two air-conditioning units in their respective apartments. Defendant Bass likewise was permitted to install two air-conditioning units in his apartment but one of those he installed in the smaller bedroom which does not have a receptacle as provided by the Administrative Code rather than in his living room which contains such a receptacle. This violation, plaintiff claims, was discovered when the defendant installed a third air-conditioning unit, following which he was notified by letter dated August 21, 1964, as follows:
“Please be advised that the installation of the third air conditioning unit in the apartment that you occupy is contrary to the rules and regulation of the corporation.
‘ ‘ There are only two outlets for air conditioning in the apartment, namely in the living room and master bedroom. These are the only places where units are permitted. The unit in the second bedroom being hooked into a regular recepicle [sic] is a safety hazard and could burn out the wiring there. Since we are sure you do not wish this to happen and in accordance with the rules and regulation, will you please take immediate steps to remove the unit presently in your second bedroom.
“ At the time you received an application for your latest unit for the Master Bedroom, our office was not aware that you already had two units installed. Therefore, you could remove either one of the two units in one of the bedrooms. To retain the second bedroom unit this would be permissible if you are to wire it to the regular air conditioner outlet in the master bedroom. If you choose to elect to retain the unit in the Master Bedroom then their [sic] would be no wiring problem as you would plug it into the regular Master Bedroom outlet.”
Assuming, arguendo, that the arrangement pursuant to which the defendant installed the third air conditioner is as related by him, it lacks' the elements of a leasing agreement, e.g., Miller v. City of New York (15 N Y 2d 34). The fact that the cost of the electricity for all three units was exacted by and paid to *253 the plaintiff is not conclusive since every shareholding occupant having air-conditioning units in his apartment is required to pay for the electricity used for each unit by the rules and regulations established by the plaintiff, nor was the acceptance of rent by plaintiff a waiver of defendant’s violation of the corporate rules and regulations. (Hilltop Vil. Co-op. No. 4 v. Goldstein, 43 Misc 2d 657, affd. 23 A D 2d 722.) The permission, if granted to the defendant to install the third air-conditioning unit in the small bedroom, constituted at most a license revocable at will by the plaintiff who has, in fact, duly notified the defendant of such revocation by its letter dated August 21, 1964 (supra). (5411 Realty Corp. v. Morse, 200 Misc. 961 and the authorities cited p. 962; People ex rel. McGoldrick v. Regency Park, 201 Misc. 109, 111, affd. 280 App. Div. 804, affd. 305 N. Y. 650.) In the latter case, Special Term, by citation from Crosdale v. Lanigan (129 N. Y. 604, 610), stated as follows: “ But the courts in this state have upheld with great steadiness the general rule that a parol license to do an act on the land of the licensor, while it justifies anything done by the licensee before revocation, is, nevertheless, revocable at the option of the licensor, and this, although the intention was to confer a continuing right and money had been expended by the licensee upon the faith of the license.”
Accordingly, plaintiff’s motion for summary judgment is granted as outlined above and prayed for in the complaint but, without costs. There will, however, be a further decretal provision that if the tenant desires to keep one of the two air conditioners permissible under the plaintiff’s rules and regulations in the small bedroom of his apartment, the one in the master bedroom must be removed and the necessary electrical wiring from the air-conditioning outlet therein extended in such a manner as will fully comply with the provision of the Administrative Code referred to above. The court agrees with the plaintiff that no landlord, whether a co-operative or otherwise, has the authority to waive the compliance by any tenant with the provisions of the Administrative Code of the City of New York.