Memorandum. The order of the Appellate Division should be affirmed, without costs.
In concluding that the Emergency Housing Bent Control Act does not grant a statutory tenant of land the right to assign his tenancy, the Appellate Division’s decision was unexceptionable. The 1962 amendment to the rent control law merely brought rented land within the definition of “ housing accommodations ” so that tenants of land would receive the same protection as persons who rented other forms of housing (L. 1962, ch. 126). Neither from the legislative history, nor from the text of the law itself, does it appear that the statutory purpose was to protect the homeowner’s investment rather than, or, in addition to, limiting rent increases and preventing evictions.
The court below also remanded the case to the Commissioner of the Department of Bent and Housing Maintenance of the City of New York. That too is unexceptionable, for a final determination of the rights of the parties depends upon the nature of the month-to-month oral tenancy agreement between them. An appropriate determination cannot be made upon the current state of the record.
There is no doubt, as contended by the landlord, that in 1964 the parties entered into a month-to-month oral tenancy. It is also true that the prior lease provisions would, ordinarily, carry over into a statutory tenancy to the extent necessary to develop the relationship between the parties provided the provisions are not inconsistent with rent control (see Wasservogel v. Meyerowitz, 300 N. Y. 125, 131; 660 Locust St. Corp. v. MacPherson, 279 App. Div. 927). The present tenant, however, was not an original party to the lease between his predecessor and the landlord.
At common law, in the absence of a covenant restricting assignment, there was a right to assign a tenancy (see Eten v. Luyster, 60 N. Y. 252, 257-258; 34 N. Y. Jur., Landlord and Tenant, § 215). The record in this case, however, does not reveal the nature of the agreement, implied or express, between the *646 landlord and the current tenant. Of course, common-law property principles will not he mechanically applied to situations under rent control (Matter of Park East Land Corp. v. Finkelstein, 299 N. Y. 70, 75). Moreover, whether the common-law rule should apply to this particular kind of statutory tenancy, absent implied or express agreement as to assignability, may ultimately depend upon all the circumstances.
To resolve the controversy between the parties there must be a development of the facts surrounding the 1964 month-to-month oral agreement. Relevant factors to be considered may include the extent of the tenant’s investment in the house and any other circumstances which would shed light on the expectations and intentions of the parties particularly with respect to assignment of the land tenancy.
Whether a hearing before the commissioner or a plenary action is the appropriate method by which to develop the record is a matter left to the parties as they may be advised.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Rabin concur in memorandum; Judge Stevens taking no part.
Order affirmed.