In the Matter of JOSEPH WASSERSTEIN et al., Petitioners, *v.* HORTENSE W. GABEL, as City Rent and Rehabilitation Administrator, Respondent.

Supreme Court, Special Term, Kings County, April 28, 1966.

*David G. J. Zisselman* for petitioners. *Maurice A. Reichman* for respondent.

JOHN E. CONE, J. In this article 78 CPLR proceeding, petitioner landlord seeks to review a determination of the City Rent Administrator which denied landlords' application to decontrol all apartments in their building. The premises here, formerly occupied as a rooming house, were altered and converted into a five-family Class A multiple dwelling and a certificate of occupancy was accordingly issued for such altered occupancy on June 14, 1961.

Pursuant to section 11 of the State Rent and Eviction Regulations, as then constituted, landlords applied to the New York State Housing Rent Commission for an order decontrolling the newly created housing units. Upon failure of landlords to submit copies of the alteration plans and permits, certificate of occupancy, paid bills and other evidence of the conversion, the application was denied. Thereafter, landlords did submit such copies of the plans, certificate of occupancy and the other papers requested including a report from the Building Department showing no violations. The proceeding was thereupon reopened by the New York City Rent Administration which had succeeded (May 1, 1962) the New York State agency in the interim. An inspection of the premises ordered by the Local Rent Office disclosed that although the premises consisted of five independent units as claimed, the public hallways and the apartments were all in various stages of disrepair. Accordingly, notice was sent to the landlords to correct the defects and to submit a new

certificate of no violations from the Building Department. Upon landlords' failure to comply, previous dispositions denying the application to decontrol and fixing rentals for each of the units were affirmed. Upon protest by landlords made to the City Rent Administrator, these determinations were confirmed and the protest denied. This article 78 CPLR proceeding to review such determination followed.

During the pendency of the proceeding before the Local Rent Office, section 11 of the New York City Rent, Eviction and Rehabilitation Regulations was amended (Feb. 11, 1963) with respect to subdivision d, which now provides as follows: " d. Notwithstanding any of the foregoing provisions of this section, no order shall be issued by the Administrator decontrolling housing accommodations (1) of any type resulting from conversion after April 30, 1962 of rooming house accommodations or of single room occupancy accommodations ".

Respondent's position is that unless she exercises her discretion to waive the provisions of the amended section, landlords are bound by the added condition; that such discretion was properly exercised in denying landlords' application in view of the substandard conditions on the premises and landlords' failure to produce proof that the defects had been eliminated together with a certification by the Building Department showing no violations.

In support of respondent's views here her counsel cites *Weisman* v. *Gabel* (N. Y. L. J., Sept. 23, 1965, p. 16, col. 3 [Sup. Ct., Kings County, FEIDEN, J.]) and *Matter of Thompson Residences* v. *Herman* (N. Y. L. J., July 3, 1962, p. 5, col. 5 [Sup. Ct., New York County, McGIVERN, J.]). I find neither case apposite or controlling. Although respondent's counsel refers to the *Weisman* case as involving " the identical question ", it plainly covers a situation where the regulations were amended *prior to the completion of the conversion*. In the *Thompson* case (described by counsel as " directly in point "), the application was expressly limited to an appeal to the discretion of the Administrator to waive the requirements of the regulation *before the work was started*. In the instant case, petitioners had completed the work and a certificate of occupancy was issued long before the regulation was amended.

Counsel for petitioners states that the delay in presenting the proof requested by the rent office was occasioned by a change in ownership during the pendency of the proceeding and by his own protracted illness. There appears to be small question here that the original application would have been granted, without the conditions later imposed by the rent office following suc-

cession by the City Rent Administration and amendment of section 11, if the applicant had promptly submitted the requested substantiating papers. I seriously doubt whether the amendment under subdivision d of section 11 justifies the Administrator in exercising her discretion because the conversion was from a rooming house. The subdivision expressly states that it covers " conversion *after April 30, 1962* of rooming house accommodations ". Beyond question the conversion here was before April 30, 1962. I hold no brief for the maintenance by any landlord of substandard accommodations, if that indeed was the situation here. However, the Administrator is bound by the enabling act governing her agency and her own regulations. Since this is emergency legislation it is " not to be extended beyond the evil sought to be curbed " (*People ex rel. McGoldrick* v. *Regency Park*, 201 Misc. 109, 111, affd. 280 App. Div. 804, affd. 305 N. Y. 650). Other (and more permanent) city agencies are charged with both the power and duty to enforce compliance with statutes and regulations governing proper conduct of housing accommodations. Additionally, subdivision e of section 11 of the regulations gives the Administrator adequate power to deal with situations where a decontrolled accommodation is certified by a city agency as a fire hazard or in dangerous condition, etc., by recontrolling the same.

Landlords have submitted an affidavit in this proceeding showing numerous disbursements for repairs made since August, 1964. They allege therein that " the building is in tip-top shape and there are no violations ". Of course, this affidavit which is evidence not heretofore submitted to respondent is inadmissible at this point (*Fragomeni* v. *Wilson*, 280 App. Div. 1023; Administrative Code of City of New York, § Y51-9.0). Such proof can, however, be considered by the respondent upon any reconsideration of this matter.

Accordingly, for the reasons and purposes above set forth, this proceeding is remanded to respondent for *de novo* consideration upon such proof and evidence as may be available and proper.