Per Curiam.

The landlord petitioner in this holdover summary proceeding is a member in good standing of the Real Estate Industry ¡Stabilization Association of New York City, Inc., and as such is bound, with all the force of law, by the Rent Stabilization Code adopted by that association and approved by the Housing and Development Administration of the City of New York under .the provisions of the Rent Stabilization Law of 1969 (Local Laws, 1969, No. 16 of City of New York).
The 1 ‘ Dwelling ¡Units ’ ’ with which this summary proceeding is concerned are unquestionably “ covered by this Code ” under the explicit definition of subdivision (f) of section 2 of the Rent Stabilization Code and are not excluded as “ Dwelling Units not Subject to this Code ” by subdivision (g) of section 2 of the code.
Section 50 of the Rent Stabilization Code gives the right of a renewal lease to every tenant.
Section 52 of the code states that it constitutes harassment to attempt to evict a tenant other than as permitted under sections 53, 54 and 61 of the code.
The landlord in the instant matter did not have any grounds for eviction under those sections of the code.
The tenant, prior to the landlord’s institution of the present action, filed a complaint with the Conciliation and Appeals Board protesting the landlord’s refusal to tender a three-year renewal lease. This complaint was still pending at the time of trial.
The Court of Appeals, in sustaining the constitutionality of the Rent Stabilization Law in 8200 Realty Corp. v. Lindsay (27 N Y 2d 124), specifically upheld the power and duties of the Conciliation and Appeals Board.
It has also been well established that determinations by the board are to be reviewed only by an article 78 proceeding and such determination ‘ ‘ will not be disturbed if it has warrant in the record, a reasonable basis in law, and is neither arbitrary nor capricious.” (Sherwood Assoc. v. Conciliation and Appeals Bd., N. Y. L. J., Sept. 22, 1971, p. 2, col. 3 [Helmaw, J.]; Blum v. Conciliation cmd Appeals Bd., N. Y. L. J., Feb 1, 1971, p. 18, col. 1 [Cold, J.].) In this regard the board has been accorded the same administrative position vis-a-vis judicial review as the City Rent Administration under the rent control law. (Matter of Wasserstein v. Gabel, 52 Misc 2d 199.)
*894 It is axiomatic that, if an article 78 proceeding is the proper vehicle to attack the board’s determination, such determination, as with that of the City Rent Administration, is not subject to collateral attack (746 Realty Corp. v. Stevens, N. Y. L. J., Aug. 30, 1972, p. 2, col. 2), and more importantly, “when administrative procedures are afforded, resort may not be had to the court until exhaustion of such process ”. (Suppus v. Bradley, 278 App. Div. 337, 339 ; People ex rel. Uvalde Asphalt Paving Co. v. Seaman, 217 N. Y. 70.) The landlord has failed to exhaust his administrative remedies. Further, to allow the landlord to by-pass the duly constituted administrative body charged with the comprehensive duty to meet and relieve conflicts between landlord and tenant under the Rent Stabilization Law would result in uncertainty and chaos.
The final judgment should be modified by reversing so much thereof as is in favor of petitioner and against tenant Lenox Hill Hospital, with $30 costs, and directing final judgment in favor of said tenant dismissing the petition, and, as modified, affirmed without costs.