OPINION OF THE COURT
Richard S. Lane, J.
In this holdover summary proceeding petitioner prime tenant of a rent stabilized apartment seeks to regain possession after the expiration of respondent’s subtenancy. Respondent in opposition takes the startling position that he may not be evicted except upon one of the special grounds set forth in sections 53 and 54 of the Code of the Real Estate Industry Stabilization Association of New York City, Inc. (Rent Stabilization Code), and none are alleged in the petition.
I say startling because, if respondent’s position is upheld, it would seem to mean that one sublets at one’s own peril. Although the landlord dragon has finally been vanquished (Real Property Law, § 226-b; Conrad v Third Sutton Realty Co., 81 AD2d 50), another dragon lies in wait.
After trial I find the facts as follows: In early 1979 on her way from an airline stewardess job to marriage and the suburbs, petitioner allowed respondent to move into her York Avenue apartment while she was straightening out her life. He paid the rent and utilities in her name. Some of her furniture and other belongings remained in the apartment and indeed, she occasionally used it when in town. Landlord was not consulted and the duration of this ar *140 rangement was not specified between the parties. Later in 1979 at respondent’s request, petitioner exercised her right of renewal for an additional three-year term expiring October 31, 1982 and the arrangement continued. By early 1981 petitioner had resumed her airline employment and she began to suggest and eventually demand that respondent vacate and give her back her apartment. Once friendly relations having deteriorated, he changed the locks and she served a 30-day notice to terminate on the grounds that he was unlawfully in occupancy. This proceeding was thereafter initiated.
I find that respondent was a subtenant at will and that, although the unconventional 30-day notice has no independent validity, it serves as clear evidence of the termination of the subtenancy.
Startling or not, careful reading of the Rent Stabilization Code leads to the inescapable conclusion that respondent’s position is correct. A prime tenant has all of the obligations of an owner (Rent Stabilization Code, § 2, subd [h]). A subtenant has all of the rights of a tenant (Rent Stabilization Code, § 21, subd [a]). Eviction of a tenant is limited to grounds set forth in sections 53, 54 and 61 of the Rent Stabilization Code (Rent Stabilization Code, § 52). None are alleged. Nor, on further consideration, is the result quite as devastating as I initially conceived it. The prime tenant who in good faith wishes to return to full-time occupancy after the expiration of a subtenancy need merely allege section 54 (subd [b]) of the Rent Stabilization Code (Des Jardines v Richer, NYLJ, June 3,1981, p 6, col 1 [App Term, 1st Dept]).
Why shouldn’t I allow petitioner to amend to allege section 54 (subd [b]) of the Rent Stabilization Code although she never requested such relief. The trouble is that it wouldn’t conform to the proof. Petitioner has not established that she wishes to move back from Northport. Rather she has merely shown that she wants the added convenience of a pied-a-terre in town. If she succeeds here, she will be vulnerable to the landlord in November, 1982, pursuant to section 54 (subd [e]) of the Rent Stabilization Code, whereas respondent then should be entitled to demand a renewal lease (520 East 81st St. Assoc, v Lenox Hill *141 Hosp., 74 Misc 2d 438, 442, mod on other grounds 76 Misc 2d 892, affd 47 AD2d 513, affd 38 NY2d 525). Perhaps the equities and the law here coincide.
Respondent may have judgment dismissing petition, with costs.