OPINION OF THE COURT
Helen E. Freedman, J.
The novel question presented here is whether this court has jurisdiction in a summary holdover proceeding brought by the prime tenant of a rent-controlled apartment against the subtenants, where no certificate of eviction has been obtained. In August, 1978, petitioner with the consent of the owner entered into a “sublease agreement” with respondents as sublessees. The agreement was for a three-year period, expiring July 31, 1981.
Petitioner seeks to regain possession alleging that the sublease term has expired and that she desires the apartment for her own use. Although the merits of these claims are not before me on this motion to dismiss, I note that petitioner is living with her family in a larger apartment in the same building.
Respondent moves to dismiss the petition on the ground that petitioner may not maintain this proceeding, but rather must obtain a certificate of eviction as required by subdivisions a and b of section Y51-6.0 of the Administra *38 tive Code of the City of New York. Those sections provide that no tenant who pays rent may be removed from a rent-controlled apartment except for the grounds specified in subdivision a, none of which apply here, or unless a certificate of eviction has been obtained pursuant to subdivision b. In short, a certificate of eviction is required where a landlord seeks to remove a tenant for the reasons stated in the instant petition.
The only question is whether the mandate of the statute applies where the landlord is actually a prime tenant/sub-lessor, and the tenant is a sublessee. Reference to the definitions contained in the New York City Rent and Rehabilitation Law (Administrative Code, § Y51-3.0), is instructive and in fact, dispositive. The relevant section Y51-3.0 provides: “f. ‘Landlord.’ An owner, lessor, sublessor, assignee, or other person receiving or entitled to receive rent for the use or occupancy of any housing accommodation or an agent of any of the foregoing;” and “m. ‘Tenant.’ A tenant, subtenant, lessee, sublessee, or other person entitled to the possession or to the use or occupancy of any housing accommodation.”
The statutory definitions are unambiguous and encompass the parties here. Thus, for purposes of applying section Y51-6.0 to this case, petitioner is subject to the restrictions imposed upon landlords, and respondents are afforded the same protections as tenants. I find therefore that the petitioner may not maintain this proceeding.
Petitioner contends however that the statute was not intended to apply the factual situation at bar and urges a narrow reading of the law. Petitioner offers no authority for this proposition, except to distinguish the cases cited by respondents. While it is true that the cases have not addressed the particular circumstances of this case, the fact that courts have extended the protection of the law to subtenants in a variety of circumstances supports respondents’ position. (See Brause v Parisi, 274 App Div 469 [where a residential subtenant was protected in an action by the landlord against both the prime tenant and the subtenant]; Cooper v 140 East Assoc., 27 NY2d 115 [where a subtenant was held to be a tenant entitled to receive a cooperative offering]; and Eskenas v Patrik, NYLJ, April 16, *39 1974, p 2, col 1 [where a sublessor was required to proceed before the Office of Rent Control in order to increase the maximum rent].)
Recently, in an analogous case, Hon. Richard Lane held that a subtenant of a rent-stabilized apartment was fully protected by the Code of the Rent Stabilization Association of New York City, Inc., and had the same rights as a tenant. (Lindstrom v Conte, 113 Misc 2d 139.) Judge Lane held that mere expiration of the sublease term was insufficient grounds to evict the subtenant, who could only be evicted if the sublessor pleaded and proved one of the special statutory grounds.
There is nothing before me which would justify an interpretation of the rent control statute to arrive at the result petitioner requests. Indeed, the allegation that petitioner seeks the apartment for her own use is specifically enumerated in section Y51-6.0 (subd b, par [1]) as a ground requiring a certificate of eviction. Where, as here, there is a contention that the petition is not brought in good faith, it is appropriate that the matter be determined by the special agency designated by the Legislature.
Finally, petitioner argues that the statute should not protect tenants who came into possession after the inception of the decontrol law. First, I note that courts have made no distinctions based on when the tenant took possession. (Matter of Herzog v Joy, 74 AD2d 372; Cooper v 140 East Assoc., supra.) In any event, in the instant case the apartment is not subject to decontrol. Since the landlord consented to the sublease arrangement, the underlying tenancy continues and no vacancy has occurred.
For the foregoing reasons, the petition is dismissed.