Mario Pittoni, J.
The petitioners, owners and licensees of a private proprietary hospital, have brought this proceeding under article 78 of the Civil Practice Act to review and annul the determination of the Hospital Board which denied their application for a variance from the provisions of the Hospital Code and Regulations, and denied their application for a renewal and *845 issuance of a license to operate the hospital; and to direct the hoard to grant the variance from the code and regulations, and to renew and issue a license to operate the hospital as a 50-bed hospital.
The petitioners claim that the new Hospital Code and Regulations which require each hospital room to have at least 70 square feet and certain footage between beds is in violation of the Federal and State Constitutions in that they are in deprivation of property without due process of law. The contention, among others, is that the petitioners have made substantial investments in their present structure, and unless the relief sought in the petition is granted they stand to incur heavy financial loss. They also contend that the respondents have been arbitrary, capricious and unreasonable in their refusal to grant a variance.
The respondents have moved to dismiss the petition.
The first point by the respondents is that the constitutionality of the Hospital Code and Regulations cannot be raised in this proceeding since the petitioners’ application for variance conceded its validity (Matter of Diocese of Rochester v. Planning Bd. of Town of Brighton, 1 N Y 2d 508, 519, 520). In this Diocese of Rochester case. (p. 518) the petition alleged that the ordinance and decisions thereunder are contrary to the Constitutions of the United States and the State of New York ”, and it also alleged that the discretion of the Planning Board “ was exercised in an arbitrary and unreasonable manner, and that their decisions constituted an abuse of discretion.” The Court of Appeals agreed “ that a party cannot, in the same proceeding, rely upon a statute or retain its benefits thereunder and attack its constitutionality”. It then said that an application for a permit or variance * * * is primarily an appeal to the discretion of the board, which discretion is conferred upon it by the ordinance, and therefore by making the application the petitioner necessarily concedes, for the purpose of the application, the validity and constitutionality of the ordinance ’ * (pp. 519, 520). The court then went on to review, not the constitutionality of the ordinance, but the constitutionality of the board’s decision which refused a variance. It said: “ An ordinance, constitutional on its face (or deemed so) maybe construed and applied in an unconstitutional manner ” (p. 521).
Therefore, this court may not review in this proceeding the constitutionality of the Hospital Code and Regulations; but it may review the constitutionality of the board’s refusal to grant a variance and issue a new license (Matter of Diocese of Rochester v. Planning Bd. of Town of Brighton, supra, p. 521).
*846 We shall now confine ourselves in this proceeding to the question of the constitutionality of the board’s refusal to grant a variance pursuant to its power under article IV, section 63 of the Hospital Code and Regulations.
No citation is required for the fundamental principle that a court may not review and annul a board’s exercise or refusal to exercise its law-given discretion unless the determination under review is arbitrary, unreasonable, or capricious. This principle holds true even when the attack upon the board’s determination is made on the ground that the Due Process Clauses of the State and Federal Constitutions are being violated. The burden of proof and the burden of allegation is upon the one who assails the constitutionality of the board’s determination.
The motion to dismiss the petition in this case is similar to a motion to dismiss a complaint pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice (Civ. Prae. Act, § 1293). On the face of their petition the applicants have failed to allege facts which may establish the board’s determination and refusal as arbitrary, capricious or unreasonable.
True, the petitioners have been licensed for a number of years on a 50-bed basis, and the 1956 Hospital Code and Regulations cause a reduction of the allowable beds in the petitioners’ hospital to 29. However, the petitioners have no vested right in the continuation of their hospital on a 50-bed basis. For one thing, their license is subject to yearly renewal. The New York City Charter (ch. 23, § 583-a) states in part, “2. * * * license in the discretion of the commissioner * * * private proprietary hospitals * * *. A license issued under this subdivision shall expire one year from the date of issuance thereof, unless, in the discretion of the commissioner, it shall be sooner revoked, and may be renewed.”
Then too, for the board to grant a variance the petitioners must show unique circumstances or that they suffer a singular disadvantage or unnecessary hardship through the operation of the amended code and regulations (Matter of Clark v. Board of Zoning Appeals, 301 N. Y. 86, 90). No such foundation for a variance is alleged here. A code or regulation that applies equally to all private proprietary hospitals in the City of New York to their financial restriction, diminution or loss does not cause a unique circumstance or an unnecessary hardship or a singular disadvantage which warrants or commands a variance.
Surely the mere loss or diminution of income, as alleged in this case, is not a sufficient ground for requiring a variance from the code and regulation in favor of the petitioners. More important than property and profit rights are the health and *847 welfare of the public. The 1956 code and regulations are clearly for the protection, safety, health and welfare of patients in private proprietary hospitals. The exercise of such police power must prevail over the petitioners’ property and pecuniary rights; even to the petitioners’ financial loss. There is no balance of equities when public health and welfare are at stake, “ for the pecuniary profits of the individual are secondary to the public welfare.” (Shepard v. Village of Skaneateles, 300 N. Y. 115,120.) And “ While hardships may be imposed on this or that owner, ‘ cardinal is the principle that what is best for the body politic in the long run must prevail over the interests of particular individuals ’ ” (Rodgers v. Village of Tarrytown, 302 N. Y. 115, 126).
It should be noted that the Supreme Court, Appellate Division, First Department, has recently affirmed a similar Supreme Court decision (Matter of Engelsher v. Jacobs, 7 A D 2d 720).
Petition dismissed. Submit order.