*901 OPINION OF THE COURT
Ronald A. Cicoria, J.
The plaintiffs in this action seek a judgment declaring unconstitutional an ordinance passed by the Town of Gates Town Board, as well as a permanent injunction enjoining the defendants from enforcing said ordinance. The ordinance in question requires two attendants to be on duty at self-service stations during working hours, and the "primary function of one of such attendants shall be to supervise, observe, and control the dispensing of Class I liquids while said liquids are actually being dispensed.” (Amendment to subdivision f of section 16:75 of Local Law No. 1 of 1975.) The plaintiffs claim that the statute is unconstitutional in that it is an unreasonable regulation passed for improper reasons, and deprives the plaintiffs of property without due process of law. The defendants claim that the ordinance was passed to protect the public health and safety, and thus is a valid exercise of the town’s police power. The plaintiffs also alleged that the amendment was passed illegally, in that the town board scheduled another public hearing without due notice and allowed a supporter of the two-attendant rule to speak out in favor of the ordinance. The defendants dispute that there was a resumption of the public hearing, and claim that there was only an informal, unplanned discussion with a person who had not been able to be at the original public hearing.
THE PROCEDURAL ISSUES
One basis for the plaintiffs’ attack on the validity of the ordinance deals with the manner in which the public hearings were held. It is the plaintiffs’ position that the Gates Town Board tabled the discussion on the ordinance and then did not tell the plaintiffs when the discussion would resume. Thus, when Mr. Dreu spoke out in favor of the ordinance at a later meeting, it is the plaintiffs’ position that the subsequent passage of the ordinance was illegal and invalid. The court is of the opinion that this colloquy between the board and Mr. Dreu was merely an informal and unscheduled discussion, and thus no notice was required to be afforded the plaintiffs. Although the wisdom of this practice by the board is questionable, it would not be sufficient, standing alone, to invalidate the ordinance.
*902 THE CONSTITUTIONAL ISSUES
A validly passed legislative enactment is presumed constitutional (see Wiggins v Town of Somers, 4 NY2d 215). This presumption "applies not only to enactments of the Legislature, but to ordinances of municipalities as well” (Lighthouse Shores v Town of Islip, 41 NY2d 7). The presumption is rebuttable, but the unconstitutionality must be proved beyond a reasonable doubt (see Lighthouse Shores, supra).
To withstand judicial scrutiny, a municipality’s ordinance must be within the ambit of the powers delegated by the Legislature. Under subdivision 15 of section 130 of the Town Law, a municipality may pass ordinances to promote the "public welfare”, which includes the "health, safety, morals or general welfare of the community”. It is the court’s opinion that an ordinance which has fire prevention and fire safety as its purpose is clearly within the boundaries of this broad grant.
However, the inquiry does not end here. The ordinance passed by the town board must not be arbitrary. "It must be reasonably related to some manifest evil which, however, need only be reasonably apprehended.” (Lighthouse Shores, supra, p 11.)
The definition of the terms "manifest evil” is not provided by statute and the words "reasonably apprehended” are also left to be deciphered by judicial interpretation. In this case, the town board expressed certain fears about the dispensing of gasoline by the public, and the possible disasters that might occur if a single attendant did not perform his function properly, or was unable to perform his duties due to other duties imposed upon him. There seemed to be a special fear of the self-service stations that were combined with "Mom and Pop Stores,” and questioned whether one attendant could act both as cashier and watch the customers to see that gasoline was pumped safely and properly. However, the plaintiffs pointed out that the self-service stations already had many more safety features than the full service stations, including on-island fire extinguishers, intercoms, and individual and master "kill” switches. Substantial evidence was introduced concerning the relative safety of service stations in general, and plaintiffs also presented model regulations by various agencies which only required "at least one” attendant to be on duty at self-service stations. Furthermore, there was no evidence by the defendant of any patently dangerous condition in *903 Gates, and could not cite any other jurisdiction which imposed a two-attendant requirement upon self-service stations. In view of all the evidence presented, it is the court’s opinion that the "manifest evil” apprehended by the town board was not warranted. The reasons supporting the ordinance were largely groundless speculation about what could happen if multiple contingencies occurred.
Even if we did assume that there did exist a manifest evil and further regulation of self-service stations was warranted, the statute is not reasonably related to the evil sought to be prevented. As was stated in a similar case in another jurisdiction, "there must be some substantial connection between the purpose of the regulation and the provisions of it, and the provisions must in some appropriate manner be designed for and tend toward the accomplishment of the legitimate objects for which the power is exercised.” (Hi-Lo Oil Co. v City of Crowley, 274 So 2d 757, 762, cert den 277 So 2d 673 [La].) New York courts repeatedly hold that for an ordinance to be struck down, it must have "no relation at all” to the stated purpose (Wiggins v Town of Somers, 4 NY2d 215, supra). In the present case, there was no showing of how a second attendant would accomplish the desired ends. Although it might be better to have two attendants on duty, or even three or four, to better insure safety in the event of some accident, where can it be said that the requirements are excessive? Certainly ordinances are not unconstitutional merely because they impose excessive burdens upon certain businesses, and the proper exercise of police powers has often been held to prevail over property and pecuniary rights of individuals (see Matter of Warshaw v Jacobs, 16 Misc 2d 844). However, hardships so imposed on individuals are of secondary concern only when the public need, reflected in the ordinance, is apparent, and the ordinance is necessary and reasonable in its application (Health Dept, of City of N. Y. v Rector, Church Wardens & Vestrymen of Trinity Church in City of N. Y, 145 NY 32). Since the whole idea behind self-service stations is to provide cheaper gas by cutting down on the expense of "trained” attendants to pump the gas, it is clear that a price increase of 1 or 2 cents per gallon occasioned by compliance with this ordinance would substantially decrease, if not remove, the competitive edge held by the self-service over the full-service stations. The self-service stations in Gates are already required to have many safety devices not found in full-service *904 stations, and no fires on these stations have happened in the Town of Gates since their existence. Although it is true that a municipality need not wait until a disaster occurs before curing a dangerous condition, no danger has been demonstrated. Exercise of police power should not be extended beyond the evil sought to be curbed (People ex rel. McGoldrick v Regency Park, 201 Misc 109, affd 280 App Div 804). "A business conducted in the manner in which the plaintiff conducts its business promotes the public convenience without causing any injury to the public.” (Good Humor Corp. v City of New York, 290 NY 312, 319.) A regulation which imposes such an economic burden on such a business because others might conduct a similar business in a less safe manner is not reasonable, especially where it does not appear that discrimination between the harmless and potentially harmful businesses is impractical (see Good Humor Corp., supra). As was stated in another jurisdiction, a police regulation "shall not go beyond the demands of the public interest which vindicates its exercise.” (Reingold v Harper, 6 NJ 182, 191.) In the present case, the two-attendant rule in the ordinance exceeds any reasonably apprehended necessity, and must be struck down.
It is the court’s opinion that the plaintiffs have proved the unconstitutionality of the ordinance beyond a reasonable doubt, and the plaintiffs’ request for a permanent injunction against the two-attendant rule is hereby granted.